IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RUBEN ROMAN GAMBOA                                                    PETITIONER

v.                         NO. 2:16-cv-00161 JLH/PSH

C.V. RIVERA, Warden,                                                  RESPONDENT
FCC Forrest City, Arkansas

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

On December 8, 2004, petitioner Ruben Roman Gamboa ("Gamboa") was charged in the United States District Court for the Northern District of Texas in a superseding indictment. See Docket Entry 7, Exhibit 2 at CM/ECF 1. On February 23, 2005, Gamboa and his attorney signed a plea agreement in the case, the terms of which included the following:

> 2. Waiver of rights and plea of guilty: Gamboa waives [his constitutional rights] and pleads guilty to the offense in Count 4 of the superseding indictment, charging a violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. 2, that is, Distribution of Cocaine and Aiding and Abetting. …
>
> …
>
> 11. Waiver of right to appeal or otherwise challenge sentence: Gamboa waives his rights, conferred by 28 U.S.C. 1291 and 18 U.S.C. 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. 2241 and 28 U.S.C. 2255. Gamboa, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

See Docket Entry 7, Exhibit 1 at CM/ECF 1, 6. In signing the plea agreement, Gamboa acknowledged that he had read and carefully reviewed every part of it with his attorney and fully understood and voluntarily agreed to its terms. See Docket Entry 7, Exhibit 1 at CM/ECF 8. On May 27, 2005, Gamboa was sentenced to a 240 month term of imprisonment. See Docket Entry 7, Exhibit 2 at CM/ECF 1-2. The sentence was based on a total offense level of 37 and a criminal history category of VI. See Docket Entry 7, Exhibit 5 at CM/ECF 1.

Gamboa filed a motion for an out-of-time appeal, and later requested that his motion be dismissed. That motion was granted in an order filed October 20, 2005. See Docket Entry 7, Exhibit 3, at CM/ECF 1. He also filed a petition in the sentencing court pursuant to 28 U.S.C. 2255 on May 19, 2006. That petition was dismissed on February 26, 2009 pursuant to Gamboa's motion for a voluntary dismissal. See Docket Entry 7, Exhibit 4, CM/ECF 1.

Gamboa subsequently filed a motion for reduction of sentence pursuant to 18 U.S.C. 3582(c) and Amendment 782 to the U.S. Sentencing Guidelines. Amendment 782 provided for a two level reduction in base offense levels for most drug trafficking crimes, and was to be applied retroactively. United States District Judge Jorge A. Solis denied the motion in July of 2015 but did so only after reducing Gamboa's total offense level to 35. The order denying the motion is relevant for the following passages:

> … At sentencing, the Court determined that [Gamboa's] total offense level would be calculated using U.S.S.G. 2D1.1, the Sentencing Guidelines' drug trafficking provisions. Under the Sentencing Guidelines, Gamboa's total offense level was calculated at 37 and his criminal history category was VI. The resulting guideline sentence range was 360 months to life imprisonment. But, because the statutory maximum sentence for Gamboa's offense was 240 months, the Court imposed a 240-month sentence. …
>
> …
>
> A defendant's sentence, if imposed under 2D1.1 or 2D1.11 of the Sentencing Guidelines, may be reduced pursuant to Amendment 782 where the application of the amended guidelines results in a decrease in the base offense level. However, a sentence may not be reduced under Amendment 782 where application of the two-level reduction does not result in a reduction in the defendant's guideline sentence range. …
>
> Defendant Gamboa was held accountable for between 50 kilograms and 150 kilograms of powder cocaine which resulted in a base level offense of 36. He received a 4-level increase for his role as an organizer or leader

and a 3-level reduction for acceptance of responsibility. His total offense level was therefore 37. Under the Amendment 782 revisions, Gamboa's base level offense is lowered to 34 which results in a total offense level of 35 after the adjustments for leader/organizer and acceptance of responsibility. With a criminal history category of VI, Gamboa's new guideline sentence range is 292-365 months which remains above the statutory authorized maximum sentence of 240 months. Because Gamboa's new guideline range, calculated under the provisions of Amendment 782, remains above the statutory maximum, he is not entitled to a reduction of his sentence.

…

See Docket Entry 7, Exhibit 5 at CM/ECF 1, 2-3.

Gamboa began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In his petition and an accompanying brief, he maintained that he was sentenced as a career offender pursuant to U.S.S.G 4B1.1 based on two prior Texas drug convictions. See Docket Entry 2 at CM/ECF 5. Gamboa maintained that the convictions should not have been used in sentencing him as a career offender because new, intervening changes in the law establish that the convictions are not "qualifying controlled substance offense[s] under the Guidelines." See Docket Entry 2 at CM/ECF 5. He supported his position by citing Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016).[1] He asked that he be re-sentenced because he "no longer qualifies as a career offender." See Docket Entry 1 at CM/ECF 8.

---

[1] In Mathis v. United States, the United States Supreme Court explained the proper procedure for determining when a defendant's prior state court conviction can be used as a predicate offense under the Armed Career Criminal Act. In United States v. Hinkle, the United States Court of Appeals for the Fifth Circuit applied the principles articulated in Mathis v. United States to the U.S.S.G. It is also worth observing that in United States v. Tanksley, --- F.3d ---, 2017 WL 213835 (5th Cir. 2017), the same Court of Appeals determined that a petitioner's prior Texas state court conviction for possession with intent to deliver a controlled substance was not a "controlled substance offense" under U.S.S.G. 4B1.1.

4

Respondent C.V. Rivera ("Rivera") filed a response to the petition and asked that it be dismissed for lack of subject matter jurisdiction. He so maintained for the following three reasons: 1) Gamboa waived his right to contest his conviction and sentence in collateral proceedings; 2) "there is a valid basis for [his] 240-month sentence independent of his career offender status," see Docket Entry 7 at CM/ECF 2; and 3) he has not demonstrated that a 28 U.S.C. 2255 remedy in the sentencing court is inadequate or ineffective.

Gamboa filed a reply to Rivera's response. In the reply, Gamboa addressed only one of Rivera's assertions, i.e., the assertion that Gamboa has a remedy available to him in the form of a 28 U.S.C. 2255 motion in the sentencing court. Gamboa maintained that "[t]he highly prejudicial nature of [him] being improperly labeled a 'career offender' when an intervening change in law emphatically determines that he is not presents a fundamental miscarriage of justice that overcomes savings clause limitations." See Docket Entry 9 at CM/ECF 3.

The undersigned has thoroughly reviewed the parties' pleadings and exhibits. On the basis of that review, the undersigned finds that Gamboa's petition should be denied and this case dismissed. The undersigned so finds for the following reasons.

First, Gamboa unequivocally waived his right to challenge his sentence in a proceeding like the one at bar when he signed the plea agreement.[2] Although he reserved the right to challenge his sentence in certain limited circumstances, those circumstances are not present here. Specifically, he reserved the right to challenge his

---

[2] In responding to Gamboa's motion for reduction of sentence, it is not clear whether the United States of America raised the waiver contained in his plea agreement. Assuming, arguendo, that the waiver was not raised in that proceeding, it would not necessarily preclude the United States of America from raising it in this proceeding.

5

sentence if it exceeded the statutory maximum punishment, but he agreed to do so only in a direct appeal. The proceeding at bar is not a direct appeal.

Second, assuming without deciding that this case is one of the limited circumstances in which Gamboa can challenge his sentence, the undersigned agrees with Rivera that "there is a valid basis for Gamboa's 240-month sentence independent of his career offender status." See Docket Entry 7 at CM/ECF 2. Gamboa's total offense level is now 35 after being adjusted downward by Judge Solis. It is undisputed that Gamboa's criminal history category was, and is, VI and would have been so even if consideration had not been given to the career offender statute. Thus, any error in sentencing him as a career offender is harmless as his total offense level and criminal history category place him within the guideline sentence range of 292-365 months independent of any career offender considerations, or well above the sentence he received.

Third, Gamboa has not demonstrated that a 28 U.S.C. 2255 remedy in the sentencing court is inadequate or ineffective. The scope of a petition like the one at bar pursuant to 28 U.S.C. 2241 is clear. The scope is as follows:

> Generally, a federal inmate may challenge his ... sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255. Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) (citing Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) ... A habeas corpus petition under 28 U.S.C. 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out, and falls within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held. Methany v. Morris, 307 F.3d 709, 711-712 (8th Cir. 2002).
>
> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255]

6

> motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [2255] motion is inadequate or ineffective* to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. Lopez–Lopez, 590 F.3d at 907 (citing Abdullah, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061–62 (8th Cir.2002), … The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. Lopez–Lopez, 590 F.3d at 907. The 2255 remedy is not inadequate or ineffective because … a 2255 petition was time-barred. Id.

See Alexander v. Haynes, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.) (emphasis in original) (adopting recommended disposition of Deere, J.).

The scope of the 28 U.S.C. 2255(e) "savings clause" is not entirely clear, and the phrase "inadequate or ineffective" has not been thoroughly defined. See United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000). Courts, though, have identified conditions that a petitioner must satisfy in order to gain the benefit of the "savings clause." For instance, in Mathison v. Berkebile, 988 F.Supp.2d 1091, 1097-1098 (D.S.D. 2013), a federal district court adopted the following conditions articulated in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001):

> [T]he savings clause of 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion.

Thus, in some instances, "jurisdiction over a 2241 petition may exist when there has been a change in the applicable law and that change had been deemed retroactively applicable. See Deleston v. Wilson, 2014 WL 3384680, 4 (D.Minn. 2014).

The question of whether Gamboa was properly sentenced in the United States District Court for the Northern District of Texas is not before the undersigned. Instead, the question before the undersigned is whether the United States District Court for the Eastern District of Arkansas, the district of his incarceration, has subject matter jurisdiction over his 2241 petition. Applying the governing law to the facts of this case, the undersigned finds that the United States District Court for the Eastern District of Arkansas does not have subject matter jurisdiction over his petition.

Mathis v. United States and United States v. Hinkle arose out of direct appeals of sentences. Here, Gamboa is attempting to undertake a collateral attack of his sentence. The undersigned takes no position on whether United States v. Mathis is a retroactively applicable United States Supreme Court decision. Assuming, arguendo, that the decision is retroactively applicable, Gamboa is nevertheless not entitled to the benefit of the 28 U.S.C. 2255(e) "savings clause." "The core idea of the 'savings clause' in section 2255 'is that the petitioner may have been imprisoned for conduct that was not prohibited by law.'" See Lott v. Willis, 2017 WL 384074, 5 (W.D.Tex. 2017) (quoting Reyes-Requena v. United States, 243 F.3d at 903). Gamboa is not challenging his federal conviction in this case; instead, he is challenging his sentencing as a career offender. His challenge is not based on a retroactively applicable Supreme Court decision <u>which establishes that he may have been convicted of a nonexistent offense</u>, and his challenge does not suggest that he was convicted of a nonexistent offense.

Despite having found the foregoing, Gamboa is not necessarily without a judicial remedy. He can petition the United States Court of Appeals for the Fifth Circuit for permission to file a second or successive petition under 29 U.S.C. 2255(h)(2) and, in support of his petition, cite the Mathis and Hinkle cases. The undersigned takes no position on whether the petition would be granted but finds that it is a matter for the Court of Appeals to consider in the first instance.

The undersigned recommends on the basis of the foregoing that Gamboa's petition be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice, though, so that he might petition the United States Court of Appeals for the Fifth Circuit for permission to file a second or successive petition under 28 U.S.C. 2255(h)(2). All requested relief should be denied, and judgment should be entered for Rivera.

DATED this 20th day of June, 2017.

                                            UNITED STATES MAGISTRATE JUDGE